

# In the Missouri Court of Appeals
# Eastern District

### DIVISION ONE

| | | |
|---|---|---|
| WILLIE RANDLE, | ) | ED102298 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| vs. | ) | |
| | ) | Honorable Mark H. Neill |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | FILED: October 27, 2015 |

Willie Randle ("Movant") appeals from the motion court's denial of his Rule 24.035

motion for post-conviction relief without an evidentiary hearing.  Movant was convicted after a

guilty plea as a prior and persistent offender with possession of a controlled substance,

specifically Alprazolam, in violation of Section 195.202.1, RSMo (2000);[1] and with possession

of up to thirty-five grams of marijuana, in violation of Section 195.202.2.  Movant was sentenced

to ten years in prison.  We reverse and remand for an evidentiary hearing.

## I.  Background

Movant was charged with possession of a controlled substance and possession of up to

thirty-five grams of marijuana.  On January 17, 2014, Movant appeared with counsel and entered

guilty pleas to both counts.  He testified that his pleas were knowing and voluntary, and that he

understood he was waiving his rights to trial and to examine witnesses.  After the prosecutor laid

---

[1] All further statutory references are to RSMo (2000), unless noted otherwise.

out the facts he would have presented at trial, Movant testified that the facts alleged by the prosecutor were true.

At sentencing on March 7, 2014, the State recommended a sentence of fifteen years in prison. When questioned by the trial court, Movant stated that he was confused by a conversation he had with his counsel about the effect a separate case would have on this case. He said he understood his counsel could not speak for the prosecutor, but that he felt "misled" by his plea counsel on certain issues. The court directly asked Movant if he wanted to withdraw his plea of guilty and have a trial in this case, to which Movant responded "Yes, sir." The trial court then told him he could not withdraw his guilty plea, and asked if he understood his trial rights. When Movant responded that no, he did not understand, the trial court told him he should have stayed in school and studied the Constitution. The trial court asked if Movant had any other complaints about his plea counsel, but told him, "Just be quick about it. You see I got a whole courtroom of people here." The trial court ultimately found no probable cause existed to believe Movant had received ineffective assistance of counsel.

On April 21, 2014, Movant filed a *pro se* Rule 24.035 motion for post-conviction relief, and on September 5, 2014, his appointed counsel timely filed an amended motion and request for an evidentiary hearing. The motion court denied Movant's motion without an evidentiary hearing on October 14, 2014, finding Movant's claims were without merit. This appeal followed.

## II. Discussion

In his sole point on appeal, Movant alleges the motion court erred in denying his Rule 24.035 motion for post-conviction relief without an evidentiary hearing because he was denied his right to persist in his plea of not guilty, his right to effective assistance of counsel, his right

2

against self-incrimination, and his right to a jury trial. Movant argues he was given misinformation by his plea counsel, which led to his decision to plead guilty.

Standard of Review

Our review of the denial of a post-conviction motion is limited to a determination of whether the motion court's findings and conclusions are clearly erroneous. Rule 24.035(k). The findings and conclusions are deemed clearly erroneous only if, after reviewing the entire record, we are left with a definite and firm impression that a mistake has been made. Lynn v. State, 417 S.W.3d 789, 796 (Mo. App. E.D. 2013).

Movant is not entitled to an evidentiary hearing if the motion and files of the case conclusively show Movant is not entitled to relief. Rule 24.035(h). "To be entitled to a hearing, Movant must: (1) cite facts, not conclusions, which would warrant relief; (2) show the factual allegations are not conclusively refuted by the record; and (3) show he was prejudiced by the factual allegations." Moore v. State, 974 S.W.2d 658, 659 (Mo. App. E.D. 1998). For the denial of an evidentiary hearing to be justified, the record must be "'specific enough to refute conclusively the movant's allegation.'" Lomax v. State, 163 S.W.3d 561, 563 (Mo. App. E.D. 2005) (quoting State v. Driver, 912 S.W.2d 52, 56 (Mo. banc 1995)).

Movant must satisfy the two-pronged Strickland test for ineffective assistance of counsel in order to be entitled to relief. McLaughlin v. State, 378 S.W.3d 328, 337 (Mo. banc 2012). Movant must first show his counsel failed to exercise the skill and diligence a reasonably competent attorney would exercise in similar circumstances. Strickland v. Washington, 466 U.S. 668, 687 (1984).

If Movant shows counsel's performance did not meet the required level of skill, Movant must then demonstrate he was prejudiced by counsel's failure. Id. Both prongs must be shown

3

by a preponderance of the evidence in order to prove ineffective assistance of counsel. Anderson v. State, 196 S.W.3d 28, 33 (Mo. banc 2006).

Here, Movant alleges his counsel misled him about the effect a different case would have on his chances here. Movant claims the arresting officer only found the marijuana directly on him, and not the controlled substance, which the officer testified was found on the ground after Movant dropped them from his jacket. Movant argues he did not have a jacket on, and that his booking photo shows he did not, and therefore Movant thought he had a good chance of beating the controlled substance charge. However, Movant claims his counsel told him that the State was going to dismiss this case after Movant was found guilty in a separate criminal proceeding. Movant felt like his counsel misled him when he found out the State was in fact recommending fifteen years in this case, and that as a result of his counsel's misleading and coercion, he pled guilty. Further, Movant attempted to explain all of this to the trial court, who refused to allow Movant to withdraw his guilty plea, and told him to "be quick about it" when listing his complaints about the effectiveness of counsel's representation.

When a post-conviction claim of ineffective assistance follows a guilty plea, the ineffective assistance claim is "immaterial except to the extent it impinges on the voluntariness and knowledge with which a [movant] pled guilty." Cain v. State, 859 S.W.2d 715, 717 (Mo. App. E.D. 1993). In the context of guilty pleas, "in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Here, we find it difficult to see how Movant's guilty plea could be described as voluntary. While Movant did initially plead guilty and testify that he was doing so with the understanding

4

that he was waiving his right to trial, his testimony at the sentencing hearing indicated otherwise. Movant testified that he felt misled by his counsel, and claimed that, but for the misinformation he claims counsel provided, he would not have pled guilty. Movant expressed these concerns to the trial court after being told he would not be allowed to withdraw his guilty plea, and after being rushed to finish his complaints because there was a "courtroom of people" waiting on him.

"If an accused has been misled or induced to plead guilty by fraud, mistake, misapprehension, fear, coercion, or promises, the accused should be permitted to withdraw his guilty plea." Chaney v. State, 323 S.W.3d 836, 841 (Mo. App. E.D. 2010). Movant has sufficiently pled facts that would warrant relief and are not conclusively refuted by the record, in that he claims to have been misled and coerced by counsel into pleading guilty. Further, Movant attempted to withdraw his plea before sentencing and was denied and was required to quickly summarize his complaints instead of having his right to be heard. Movant has sufficiently pled prejudice as he claims he would not have pled guilty had he not been misled by counsel.

We find Movant was entitled to an evidentiary hearing on his ineffective assistance of counsel claims. The motion court's denial of his Rule 24.035 motion without an evidentiary hearing was clear error. Movant's point is granted.

### III. Conclusion

The judgment is reversed and remanded for an evidentiary hearing.

_____
ROY L. RICHTER, Judge

Robert G. Dowd, Jr., P.J.,
Mary K. Hoff, J., concur.

5