

# In the Missouri Court of Appeals
# Eastern District

## DIVISION THREE

| | | |
|---|---|---|
| JEREMY LEE SCOTT ROUTT, | ) | No. ED103274 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Charles County |
| vs. | ) | 1411-CC00786 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Richard K. Zerr |
| | ) | |
| Respondent. | ) | Filed: July 26, 2016 |

Jeremy Lee Scott Routt ("Movant") appeals the judgment denying his Rule 24.035[1] motion for post-conviction relief without an evidentiary hearing. Movant's sole argument on appeal is that the motion court clearly erred in denying him an evidentiary hearing on his claim sentencing counsel was ineffective for failing to investigate and call his stepsister Stephanie Chandler ("Stepsister") as a witness at his sentencing hearing. Further, Movant asserts that he had never met or communicated with sentencing counsel in any form until three minutes before the sentencing hearing began and they never had a conversation about any potential witnesses. We reverse the motion court's judgment and remand the cause for an evidentiary hearing.

## I.     BACKGROUND

Movant was charged with six counts. Counts I, II, and III were charges for attempted first-degree robbery, unlawful possession of a firearm, and stealing a firearm, respectively.

---

[1] All references to Rules are to Missouri Supreme Court Rules (2016).

Those charges alleged in relevant part that on June 4, 2013, Movant arranged to sell a half pound of marijuana to an undercover detective, Detective Curtis Sullivan, for $2,500; Movant stole a nine-millimeter gun; and Movant drove to meet Detective Sullivan with the intention of robbing him. Counts IV-VI, charges for distribution of a controlled substance, accused Movant of selling more than five grams of marijuana to Detective Sullivan on three different dates in May 2013.

Movant was represented by different public defenders at his guilty plea hearing and sentencing hearing. At his guilty plea hearing, Movant, who had a history of drug use and who had been adjudged a prior and persistent offender, appeared with his plea counsel[2] and pleaded guilty to all six charges without any plea bargain.[3] Due to Movant's prior and persistent offender status, Movant was subject to a range of punishment of five years to a potential of life imprisonment on Counts I, IV, V, and VI and a range of one day to one year in a medium security institution or one to fifteen years of imprisonment plus the possibility of a fine up to $5,000 for Counts II and III.

## A. Movant's Sentencing Hearing

Movant's sentencing hearing took place on March 10, 2014, and Movant appeared with his sentencing counsel.[4] Movant's Sentencing Assessment Report ("SAR")[5] indicated that while Movant was not eligible for a long-term drug treatment program, he was eligible for a short-term

---

[2] We note that upon later questioning by the trial court, Movant stated he was not satisfied with plea counsel's services because counsel did not investigate his case fully, counsel did not discuss with him any possible defenses he might have, and counsel did not do everything he asked her to do. Movant also told the court he only spoke to his plea counsel on two occasions before the date of his guilty plea hearing. Although Movant's statements to the court relate to the effectiveness of his plea counsel, Movant has not raised that issue on appeal.

[3] In other words, Movant made what is referred to as an "open" or "blind" plea.

[4] On December 16, 2013, Movant's sentencing counsel filed an entry of appearance notifying the court she would be representing Movant at sentencing in lieu of plea counsel.

[5] Movant's SAR has not been filed with this Court as a part of the record on appeal. Therefore, the intendment and content of the SAR will be taken as favorable to the motion court's ruling and as unfavorable to Movant. *See State v. Creech*, 983 S.W.2d 169, 171 (Mo. App. E.D. 1998) ("[w]hen an exhibit is omitted from the transcript and is not filed with the appellate court, the intendment and content of the exhibit will be taken as favorable to the trial court's ruling and as unfavorable to [appellant]"). All references to the content of the SAR reflect information found in the transcripts of Movant's guilty plea and sentencing hearings.

program. The SAR also indicated Movant had prior convictions for second-degree robbery, armed criminal action, second-degree burglary, stealing, and receiving stolen property.

The prosecutor called two witnesses at Movant's sentencing hearing. First, Lieutenant Jay Hultz testified a narcotics investigation conducted by Detective Sullivan in May 2013 revealed Movant had a "violent criminal history." Lieutenant Hultz also testified that, on June 4, 2013, when a drug transaction was supposed to take place in front of a restaurant on a mall parking lot, Movant brought a taser and unloaded handgun and intended to rob Detective Sullivan. Detective Sullivan testified that his investigation of Movant revealed "he was a very dangerous person [and] had a violent criminal history associated with weapons." Detective Sullivan also testified, "[k]nowing that [Movant] was a particularly dangerous person and [ ] that he had just been released from [prison], we knew that he ran the risk of an elevated danger, if you will, because he ha[d] a tendency and a history which exhibit[ed] violence in his past."

Sentencing counsel called one witness at Movant's sentencing hearing, Movant's mother ("Mother"), who testified as follows. Mental illness runs in Movant's Mother's family, and Movant's Mother unsuccessfully tried to get Movant help from police, courts, and doctors. Movant, who was twenty-four years old at the time of the sentencing hearing, first came into contact with the criminal justice system when he was about nine years old due to behavioral issues relating to him having ADHD and being bipolar. In addition, when Movant was about eleven years old, his Mother turned him into the police because he was smoking marijuana. Movant also sold drugs and stole from his family members, including his Mother.

Movant's Mother also testified doctors had prescribed several different medications for Movant but none worked. In addition, doctors had wanted Movant to attend an inpatient treatment center so they could diagnose him and treat him properly, but Movant did not attend because his family could not afford it, and Movant had never received adequate medication or

3

drug treatment.  After Movant was released from prison in 2013, Movant's mental disorders caused him to have a difficult time functioning, and Movant would tell his Mother every day "how bad he just wanted to commit suicide because he couldn't handle how bad his brain spun."

Movant then made a statement to the court.  He told the court he has had problems with illnesses and addictions for his entire life.  Movant also told the court he needed and was asking for help, was sorry for his actions, and wanted to be a normal person in society.  Movant stated he had been in and out of prison since he was sixteen years old and every time he got out, "anxiety [would] kick[ ] in and [he didn't] know what to do," and "[he would] turn to drugs and everything else."  Movant further stated he was "tired of that lifestyle" and was ready to change.

The prosecutor argued during Movant's sentencing hearing that Detective Sullivan had a family and there were many innocent bystanders with families in the restaurant parking lot where Movant's attempted robbery occurred.  The prosecutor told the court, "if [Movant] would have pulled that gun, whether it had bullets in the clip or not, somebody could have been hurt or killed."  The prosecutor also highlighted Movant's prior criminal history, telling the court Movant had previously robbed somebody with a weapon.  The prosecutor asked the court to sentence Movant to twenty-five years for the attempted first-degree robbery charge, ten years for the charges of unlawful possession of a firearm and stealing a firearm, and twenty years for each of the three charges of distribution of a controlled substance.

Thereafter, sentencing counsel argued to the trial court that the gun used in the attempted robbery involving Detective Sullivan was not loaded, and Movant had a mental illness which interfered with his ability to function in society without some intervention.  Counsel also asserted Movant's Mother was not able to get help for Movant, and his illness caused him to be certified as an adult and sent to prison at the age of sixteen.  Sentencing counsel acknowledged Movant's SAR reflected he had past convictions but encouraged the court to recognize Movant could be

4

rehabilitated if he was given the right treatment and right medication. Counsel asked the court for its mercy and to temper Movant's sentence with the requirement of completing a long-term drug treatment program.

The trial court made several comments on the record during the sentencing hearing. The court indicated it was concerned with the dangerous nature of Movant's attempted first-degree robbery offense involving Detective Sullivan, stating, "[Movant] candidly says he intended to rob this detective of twenty-five hundred dollars, albeit with a gun that was not loaded. [It was] [s]till a situation which was dangerous." The trial court also indicated it was concerned with Movant's criminal history, noting how in the six-month period Movant was out of prison after being placed on parole for armed robbery and armed criminal action, he committed the six felonies he pleaded guilty to in this case, including another (attempted) robbery.

In addition, the court expressly considered Movant's Mother's testimony and acknowledged Movant had some issues which had never been successfully dealt with or treated. The court also stated it believed Movant had a hard life because he had been sentenced to the adult prison system at the age of sixteen, he had spent nearly his entire adult life in prison, and he had some mental issues which may have caused him to be more susceptible to drug use than others. The trial court acknowledged it could order Movant to be placed in a long-term drug treatment program even though Movant's SAR did not indicate he was eligible for such a program, but the court stated it was not convinced it would help Movant. The trial court did not expressly consider placing Movant in a short-term drug treatment program, even though Movant's SAR reflected he was eligible for such a program.

The trial court sentenced Movant to twenty years of imprisonment for Count I (attempted first-degree robbery), ten years of imprisonment for Count II (unlawful possession of a firearm), ten years of imprisonment for Count III (stealing a firearm), and fifteen years of imprisonment

5

for Counts IV through VI (distribution of a controlled substance). The court ordered the sentences for Counts II-VI to run concurrently with one another but consecutively with the sentence for Count I, for a total sentence of thirty-five years of imprisonment.

Upon questioning from the trial court, Movant repeatedly expressed his dissatisfaction with sentencing counsel's performance and stated he had never met or communicated with counsel in any form until three minutes before the sentencing hearing began and they never had a conversation about any potential witnesses.[6] Nevertheless, the court stated on the record it was "mak[ing] no finding as to any probable cause relating to effectiveness of [sentencing] counsel."

**B.      Movant's Rule 24.035 Motion and the Motion Court's Judgment**

Thereafter, Movant timely filed a pro se Rule 24.035 motion for post-conviction relief.[7] The motion court appointed post-conviction counsel for Movant, and appointed counsel timely filed an amended Rule 24.035 motion on May 26, 2015.[8] Movant's amended Rule 24.035 motion alleged sentencing counsel was ineffective for failing to investigate and call his Stepsister as a witness at his sentencing hearing. Movant's motion also alleged that if sentencing counsel had communicated with him more and asked him about potential witnesses, Movant would have told counsel he wanted his Stepsister to testify on his behalf. In addition, Movant alleged he would have provided counsel with information on how to reach his Stepsister, she could have

---

[6] Further details of this portion of the sentencing hearing will be discussed below in Section II.B.

[7] Movant's pro se Rule 24.305 motion was filed on August 11, 2014, 144 days after he was delivered to the Department of Corrections on March 20, 2014. Therefore, Movant's pro se motion was filed within the 180-day time limit set forth in Rule 24.035(b). *See* Rule 24.035(b) (providing that if a movant does not appeal a judgment or sentence after a guilty plea, his motion for post-conviction relief "shall be filed within 180 days of the date [he] is delivered to the custody of the department of corrections").

[8] Where, as in this case, an appellant files a motion for post-conviction relief after pleading guilty, no direct appeal is taken, and counsel is appointed, the amended motion must be filed within sixty days of "(1) the date both a complete transcript consisting of the guilty plea and sentencing hearing has been filed in the trial court and counsel is appointed." Rule 24.035(g). Here, the complete transcripts of Movant's guilty plea and sentencing hearing were filed on March 27, 2015, after counsel was appointed. Therefore, Movant's amended motion was due on May 26, 2015.

6

been reasonably located, and he would have informed counsel of the nature and content of her proposed testimony.

Movant's Rule 24.035 motion further alleged his Stepsister was the person "most familiar" with Movant's "drug addiction and the difficulties that he has faced both due to his drug addiction and his untreated mental illness." The motion also alleged that if his Stepsister would have been called as a witness at his sentencing hearing, (1) she would have testified Movant was "always in and out of trouble" because "[he] has [a] bipolar disorder for which he has never received the appropriate medication and a heroin addiction for which he has never received effective treatment"; (2) she would have testified she believed Movant could be rehabilitated, and medication and treatment rather than a lengthy incarceration were what Movant needed in order to change his course in life; and (3) she would have requested leniency and treatment for Movant. Finally, Movant's Rule 24.035 motion alleged his Stepsister was willing and available to testify, and there is a reasonable probability her testimony would have improved Movant's position at sentencing and the court would have imposed a lesser sentence.

The motion court entered a judgment denying Movant's Rule 24.035 motion without an evidentiary hearing. The motion court found, inter alia, "[t]he record conclusively shows Movant is not entitled to relief." Movant appeals.

## II.    DISCUSSION

In his sole point on appeal, Movant argues the motion court clearly erred in denying him an evidentiary hearing on his claim sentencing counsel was ineffective for failing to investigate and call his Stepsister as a witness at his sentencing hearing. Further, Movant asserts that he had never met or communicated with counsel in any form until three minutes before the sentencing hearing began and they never had a conversation about any potential witnesses.

7

## A. The Standard of Review

This Court reviews the denial of a Rule 24.035 motion for post-conviction relief only to determine if the findings of fact and conclusions of law of the motion court are clearly erroneous. Rule 24.035(k); *Randle v. State*, 473 S.W.3d 221, 223 (Mo. App. E.D. 2015). Findings and conclusions are clearly erroneous if, after a review of the entire record, we are left with the definite and firm impression that a mistake has been made. *Randle*, 473 S.W.3d at 223. To receive an evidentiary hearing, a movant's motion for post-conviction relief must allege facts, not conclusions, warranting relief. *Id*. at 223-24. Furthermore, the facts alleged must not be refuted by the record, and the matters complained of must have been prejudicial to the movant. *Id*. "[A] [m]ovant is not entitled to an evidentiary hearing if the motion and files of the case conclusively show [he] is not entitled to relief." *Id*. at 223; Rule 24.035(h).

## B. Whether Movant is Entitled to an Evidentiary Hearing on His Claim Sentencing Counsel Was Ineffective

We initially note this case is unlike many post-conviction relief cases where the movant repeatedly asserts on the record his satisfaction with the representation provided by his attorney and an appellate court affirms the denial of an evidentiary hearing on that basis. *See, e.g., Mitchell v. State*, 439 S.W.3d 820, 821-24 (Mo. App. E.D. 2014). Here, Movant repeatedly told the trial court during his sentencing hearing that he was dissatisfied with his sentencing counsel's performance because he had not spoken with or had any other contact with counsel until the day of the sentencing hearing, counsel did not investigate his case fully, and Movant did not have a chance to ask sentencing counsel to do anything. When the court asked Movant if he "inform[ed] [sentencing counsel] of any witnesses that [he] asked her to interview for [him]," sentencing counsel interjected and stated, "Judge, we did not have that conversation." Movant then told the court, "we did not have that conversation . . . I spoke to [sentencing counsel] for three minutes before we started this [hearing]. And before [court] . . . she spoke with my

8

[M]other and that was it." Movant also told the court sentencing counsel never let him know she existed, and the only way he knew he had an attorney for his sentencing hearing was by asking his Mother to check on Case.net.

We hold the preceding statements by Movant and sentencing counsel during the sentencing hearing support, rather than refute, Movant's claim that sentencing counsel was ineffective for failing to investigate and call Movant's Stepsister as a witness at his sentencing hearing. Nevertheless, in order for Movant to be entitled to an evidentiary hearing on his claim sentencing counsel was ineffective, he is required to allege facts, not refuted by the record, showing, (1) counsel's performance failed to conform to the degree of skill and diligence of a reasonably competent attorney; and (2) Movant was prejudiced as a result of counsel's alleged deficient performance. *Rush v. State*, 366 S.W.3d 663, 666 (Mo. App. E.D. 2012); *Cherco v. State*, 309 S.W.3d 819, 822, 825 (Mo. App. W.D. 2010); *Masden v. State*, 62 S.W.3d 661, 666 (Mo. App. W.D. 2001).

### 1. Counsel's Performance

There is a strong presumption counsel's failure to call a witness at sentencing is a matter of reasonable trial strategy and will not support an ineffective assistance of counsel claim. *Bates v. State*, 421 S.W.3d 547, 554 (Mo. App. E.D. 2014). In addition, "[b]y pleading guilty, a movant generally waives any complaint he might have about counsel's failure to investigate his case, except to the extent that counsel's inadequate investigation affected the voluntariness and understanding with which the movant entered the plea." *Conger v. State*, 356 S.W.3d 217, 224 (Mo. App. E.D. 2011). When a movant claims counsel failed to adequately investigate a case, we consider whether counsel "fulfilled her obligation to either conduct a reasonable investigation or to make a reasonable decision that a particular investigation was unnecessary." *Id.* (quotations omitted).

9

Moreover, in order for a movant to establish the performance component of a claim counsel was ineffective for failing to investigate and call a witness at sentencing, the movant must allege sufficient facts, not refuted by the record, showing, (1) counsel's decision involved something other than reasonable trial strategy ("the first prong"); (2) the witness could have been located through a reasonable investigation ("the second prong"); (3) the witness would have testified if called ("the third prong"); and (4) the witness's testimony would have aided in the movant's defense ("the fourth and final prong"). *Cherco*, 309 S.W.3d at 825; *see State v. Twenter*, 818 S.W.2d 628, 636-37 (Mo. banc 1991).

### a. The First, Second, and Third Prongs

In this appeal, Movant does not allege sentencing counsel's failure to investigate his Stepsister as a witness affected the voluntariness and understanding with which he entered his guilty pleas. Accordingly, Movant has generally waived any complaint he might have about sentencing counsel's failure to investigate his case. *Conger*, 356 S.W.3d at 224. However, during Movant's sentencing hearing, Movant and sentencing counsel made statements providing Movant had never met or communicated with counsel in any form until three minutes before the sentencing hearing began and they never had a conversation about any potential witnesses. These statements, which are unrefuted by the record and referred to in Movant's Rule 24.035 motion, indicate counsel did not fulfill her obligation to either conduct a reasonable investigation into calling witnesses on Movant's behalf or to make a reasonable decision that an investigation into calling Movant's Stepsister as a witness was unnecessary. *See id.*; *see also State v. Butler*, 951 S.W.2d 600, 610 (Mo. banc 1997) (indicating counsel must know enough information to make a reasoned decision about whether to use certain evidence). Accordingly, we find Movant has alleged sufficient facts, not refuted by the record, showing counsel's failure to investigate and call his Stepsister as a witness involved something other than reasonable trial strategy.

10

Therefore, Movant has met the first prong of the standard set out above. *See Cherco*, 309 S.W.3d at 825; *see also Twenter*, 818 S.W.2d at 636-37.

We also find Movant has met the second and third prongs of the performance component of his claim sentencing counsel was ineffective for failing to investigate and call his Stepsister as a witness. Specifically, Movant sufficiently alleged in his Rule 24.035 motion that his Stepsister could have been located through a reasonable investigation and she would have testified at his sentencing hearing if she had been called as a witness. *See id.* In addition, these factual allegations are not refuted by the record.

### b.     The Fourth and Final Prong

In order to establish sentencing counsel's performance was deficient in this case, Movant must also have alleged sufficient facts, not refuted by the record, showing his Stepsister's testimony would have aided in his defense, the fourth and final prong. *See id.* The State asserts Movant fails to show his Stepsister's testimony would have aided his defense because it would have been cumulative to his Mother's testimony which was presented at the sentencing hearing.

It is true that a movant does not demonstrate a proposed witness's testimony would have aided in his defense when it would have been cumulative of other testimony which was already presented during the penalty or sentencing phase. *Johnson v. State*, 406 S.W.3d 892, 908-09 (Mo. banc 2013); *Eichelberger v. State*, 134 S.W.3d 790, 792-94 (Mo. App. W.D. 2004). Similarly, counsel will not be found ineffective for failing to call a witness whose testimony would have been cumulative to that of other witnesses. *Johnson*, 406 S.W.3d at 909 (citing *Bucklew v. State*, 38 S.W.3d 395, 398 (Mo. banc 2001)). A witness's testimony is considered to be cumulative "when it relates to a matter fully developed by other testimony." *Barnes v. State*, 334 S.W.3d 717, 722 (Mo. App. E.D. 2011).

In post-conviction cases, the Missouri Supreme Court has determined a proposed witness's testimony would have been cumulative to other testimony which was already presented during the penalty or sentencing phase where the record demonstrated, (1) counsel made a strategic and reasonable decision either not to call the particular witness or not to investigate movant's history further; (2) counsel thoroughly investigated movant's history; (3) counsel presented multiple witnesses who testified concerning movant's history; and/or (4) the motion court held an evidentiary hearing where the proposed witness testified, and therefore, the motion court and appellate court were able to conduct a detailed review of the witness's detailed testimony.[9] *See, e.g., Deck v. State*, 381 S.W.3d 339, 349-52 (Mo. banc 2012) (counsel made a strategic and reasonable decision not to call particular witnesses); *Johnson v. State*, 388 S.W.3d 159, 166 (Mo. banc 2012) (counsel's staff thoroughly investigated movant's history and counsel presented multiple witnesses who testified on the matter); *Ervin v. State*, 80 S.W.3d 817, 824 (Mo. banc 2002) (counsel made a strategic and reasonable decision not to investigate movant's history further after conducting a thorough investigation); *State v. Ferguson*, 20 S.W.3d 485, 509 (Mo. banc 2000) (counsel presented multiple witnesses who testified concerning movant's history); *Johnson*, 406 S.W.3d at 908-09 (motion court held an evidentiary hearing).

A review of the record in this case, including the factual allegations in Movant's Rule 24.035 motion which are not refuted by the record, demonstrates none of the four preceding circumstances are present here. First, the record does not show sentencing counsel made a strategic and reasonable decision either not to call Movant's Stepsister as a witness or not to investigate Movant's history further. This is because Movant and sentencing counsel made statements during Movant's sentencing hearing providing that Movant had never met or

---

[9] Our review of Missouri cases discussing this area of the law has revealed no decision by the Missouri Supreme Court or by the Eastern District, Western District, or Southern District of the Missouri Court of Appeals which is inconsistent with this statement of the law.

12

communicated with counsel in any form until three minutes before the sentencing hearing began and they never had a conversation about any potential witnesses. As we previously found, these statements, which are unrefuted by the record and are referred to in Movant's Rule 24.035 motion, indicate sentencing counsel did not fulfill her obligation to either conduct a reasonable investigation into calling witnesses on Movant's behalf or to make a reasonable decision that an investigation into calling Movant's Stepsister as a witness was unnecessary.

Similarly, the record in this case does not demonstrate sentencing counsel thoroughly investigated Movant's history or presented multiple witnesses who testified concerning his history. Rather, the record indicates sentencing counsel only contacted Movant's Mother prior to the day of the sentencing hearing and then only presented her testimony during the hearing.[10] Movant's Mother's testimony concerned Movant's bipolar disorder, his drug usage, the alleged relationship between Movant's mental illness and his criminal history, and Movant's failure to receive and need for effective medication and treatment.

Although the allegations in Movant's Rule 24.035 motion reveal there may have been *some* overlap in his Mother's and Stepsister's testimony, Movant's motion also alleged his Stepsister was the person "most familiar" with his "drug addiction and the difficulties that he has faced both due to his drug addiction and his untreated mental illness." Moreover, Movant's Rule 24.035 motion also alleged that unlike the testimony given by his Mother at sentencing, his Stepsister would have requested leniency for Movant and would have testified Movant could be rehabilitated if he received adequate medication and treatment. Based upon these unrefuted allegations, we cannot find at this stage of the proceedings that Stepsister's testimony would

---

[10] In addition, Movant made a statement to the trial court during the sentencing hearing. In this case, the State does not argue Movant's Stepsister's testimony would somehow be cumulative to the information provided to the court by Movant's statement. Further, we decline to make such a finding here because the trial court could have found Movant's statement to be self-serving and non-persuasive when it was only supplemented with testimony from his own Mother.

13

have been cumulative to Movant's Mother's testimony. In other words, we cannot find Movant's Stepsister's testimony would have related to matters *fully* developed by Movant's Mother's testimony. *See Barnes*, 334 S.W.3d at 722.

Based on the record and allegations before us, neither sentencing counsel nor the motion court was in a position to effectively evaluate Movant's Stepsister's potential testimony or determine her credibility as a witness. This is because the record at this stage of the proceedings indicates sentencing counsel did not fulfill her obligation to either conduct a reasonable investigation into calling witnesses on Movant's behalf or to make a reasonable decision that an investigation into calling Movant's Stepsister as a witness was unnecessary. In addition, the motion court failed to conduct an evidentiary hearing on Movant's claim so it or this Court could evaluate Movant's Stepsister's detailed testimony. *See Masden*, 62 S.W.3d at 668 (when a motion court fails to conduct an evidentiary hearing and therefore does not hear the testimony of a witness and observe a witness, "the [ ] court cannot possibly accurately assess the credibility of the witness or the weight of their testimony") (citing *State v. Ivy*, 869 S.W.2d 297, 301 (Mo. App. E.D. 1994)). Under this unique combination of circumstances, we find Movant has alleged sufficient facts, not refuted by the record, showing, (1) his Stepsister's testimony would not have been cumulative to his Mother's testimony presented at the sentencing hearing; and (2) his Stepsister's testimony would have aided in Movant's defense that he deserved leniency and could be rehabilitated if he received adequate medication and treatment. Therefore, Movant has met the fourth and final prong of his claim that sentencing counsel's performance was deficient in this case. *See Cherco*, 309 S.W.3d at 825; *see also Twenter*, 818 S.W.2d at 636-37.

### c. Conclusion as to Sentencing Counsel's Performance

Based on the foregoing, Movant has alleged sufficient facts, not refuted by the record, showing sentencing counsel's performance in failing to investigate and call his Stepsister as a

14

witness did not conform to the degree of skill and diligence of a reasonably competent attorney. *See id*.

### 2. Prejudice

Nevertheless, in order for Movant to be entitled to an evidentiary hearing on his clam, he must also have alleged facts, not refuted by the record, showing he was prejudiced as a result of sentencing counsel's alleged deficient performance. *Rush*, 366 S.W.3d at 666; *Cherco*, 309 S.W.3d at 822, 825; *Masden*, 62 S.W.3d at 666. A movant meets his burden of demonstrating he was prejudiced if he can show that but for counsel's alleged deficient performance during sentencing, there is a reasonable probability he would have received a lesser sentence. *Rush*, 366 S.W.3d at 666. "The question of prejudice from the failure to call available witnesses is a matter which can only be determined on a case-by-case basis depending upon the totality of the circumstances." *State v. McCauley*, 831 S.W.2d 741, 744 (Mo. App. E.D. 1992).

Here, the trial court decided to sentence Movant to thirty-five years of imprisonment and decided not to place Movant in a drug treatment program. The trial court made those decisions with limited evidence before it: Movant's SAR, testimony from two witnesses for the State (Lieutenant Hultz and Detective Sullivan), testimony from one witness for the defense (Movant's Mother), and Movant's own statement. After reviewing that evidence, the court made statements on the record indicating it was concerned with the dangerous nature of Movant's attempted first-degree robbery offense involving Detective Sullivan and Movant's criminal history. The trial court also recognized Movant had some issues which had never been successfully dealt with, and the court expressly considered Movant's Mother's testimony and found Movant had some mental issues which may have caused him to be more susceptible to drug use than others. However, the court did not place Movant in a drug treatment program. The trial court stated on the record it was not convinced a long-term drug treatment program would help Movant, and the trial court

did not expressly consider placing Movant in a short-term drug treatment program even though Movant's SAR reflected he was eligible for such a program.

Movant's Rule 24.035 motion alleged his Stepsister was the person "most familiar" with his "drug addiction and the difficulties that he has faced both due to his drug addiction and his untreated mental illness." Moreover, Movant's Rule 24.035 motion also alleged that unlike the testimony given by his Mother at sentencing, his Stepsister would have requested leniency for Movant and would have testified Movant could be rehabilitated if he received adequate medication and treatment. Finally, Movant's Rule 24.035 motion alleged there is a reasonable probability his Stepsister's testimony would have improved Movant's position at sentencing and the court would have imposed a lesser sentence.

The record does not refute the above allegations. As previously discussed, the record in this case demonstrates that neither sentencing counsel nor the motion court was in a position to effectively evaluate Movant's Stepsister's potential testimony or determine her credibility as a witness. This is because the record at this stage of the proceedings indicates sentencing counsel did not fulfill her obligation to either conduct a reasonable investigation into calling witnesses on Movant's behalf or to make a reasonable decision that an investigation into calling Movant's Stepsister as a witness was unnecessary. In addition, the motion court failed to conduct an evidentiary hearing on Movant's claim. Under this unique combination of circumstances, we simply cannot find at this stage of the proceedings that the trial court at sentencing would not have been persuaded by testimony from Movant's Stepsister that Movant deserved leniency and could be rehabilitated if he received adequate medication and treatment, when no other witness at sentencing gave similar testimony. Based upon the record before us, we find Movant has alleged sufficient facts, not refuted by the record, showing there is a reasonable probability he would have received a lesser sentence and would have been placed in a drug treatment program

16

if counsel would have investigated and called his Stepsister as a witness during sentencing. Accordingly, Movant has alleged sufficient facts showing he was prejudiced as a result of sentencing counsel's alleged deficient performance. *See Rush*, 366 S.W.3d at 666.

### 3. Conclusion as to Movant's Claim on Appeal

The motion and files of this case do not conclusively show Movant is not entitled to relief on his claim that sentencing counsel was ineffective. Rather, statements made by Movant and sentencing counsel during the sentencing hearing support, rather than refute, Movant's claim that sentencing counsel was ineffective for failing to investigate and call Movant's Stepsister as a witness at his sentencing hearing. Moreover, Movant has alleged sufficient facts, not refuted by the record, showing, (1) sentencing counsel's performance in failing to investigate and call his Stepsister as a witness did not conform to the degree of skill and diligence of a reasonably competent attorney; and (2) Movant was prejudiced as a result of counsel's alleged deficient performance. Therefore, the motion court clearly erred in denying Movant's claim that sentencing counsel was ineffective without providing him an opportunity to prove his allegations at an evidentiary hearing. *See Randle*, 473 S.W.3d at 223; Rule 24.035(h); *Rush*, 366 S.W.3d at 666; *Cherco*, 309 S.W.3d at 822, 825; *Masden*, 62 S.W.3d at 666. Point granted.

### III. CONCLUSION

The motion court's judgment is reversed, and the cause is remanded for an evidentiary hearing and further proceedings consistent with this opinion.

_____
ROBERT M. CLAYTON III, Presiding Judge

Lawrence E. Mooney, J., and
James M. Dowd, J., concur.

17