

# In the Missouri Court of Appeals
# Eastern District

**DIVISION TWO**

| | | |
|---|---|---|
| CANDICE R. GILLAM, | ) | No. ED109711 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of Washington County |
| vs. | ) | 20WA-CC00293 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Wendy Wexler Horn |
| | ) | |
| Respondent. | ) | Filed:  February 15, 2022 |

Candice R. Gillam ("Movant") appeals the motion court's judgment denying her Rule 24.035[1] amended motion for post-conviction relief without an evidentiary hearing after pleading guilty to possession of a controlled substance under section 195.202 RSMo Cum. Supp. 2013 (effective from August 28, 2011 to December 31, 2016)[2] and first-degree endangering the welfare of a child under section 568.045 RSMo Cum. Supp. 2013 (effective from August 28, 2009 to December 31, 2016).[3]  Movant's primary argument on appeal is that her convictions violate her constitutional protections against multiple punishments under the Double Jeopardy Clause of the Fifth Amendment to the U.S. Constitution ("the Double Jeopardy Clause") because a conviction under section 195.202 is a lesser-included offense of a conviction under section

---

[1] All references to Rules are to Missouri Supreme Court Rules (2020), which was the version of the Rules in effect at the time Movant's pro se Rule 24.035 motion for post-conviction relief was filed on July 20, 2020.

[2] All further references to section 195.202 are to the version of the statute that was in effect from August 28, 2011 to December 31, 2016.  We also note section 195.202 was transferred to section 579.015, effective January 1, 2017.

[3] All further references to section 568.045 are to the version of the statute that was in effect from August 28, 2009 to December 31, 2016.

568.045.  Because we hold this argument has no merit, we affirm the motion court's judgment denying Movant post-conviction relief without an evidentiary hearing.

## I.      BACKGROUND

At Movant's plea hearing, the State alleged that on or about August 26, 2016, Movant possessed methamphetamine in the presence of I.G., a child less than seventeen years old. Subsequently, Movant pleaded guilty to possession of a controlled substance under section 195.202 (Count I) and first-degree endangering the welfare of a child under section 568.045 (Count II).  Movant confirmed to the trial court she was admitting to each and every element of both offenses.  Movant also specifically admitted that on August 26, 2016, she allowed police officers to search her apartment and, during the search, she picked up "a bag of residue and a pen that was used for methamphetamine" and put it behind her back while she was in the presence of I.G.

At the guilty plea hearing, Movant was ordered to complete a drug treatment program and her sentencing was deferred.  Movant was subsequently terminated from the drug treatment program.  Thereafter, the trial court sentenced Movant to a total of fourteen years of imprisonment for Counts I and II.[4]

Movant then filed a timely pro se Rule 24.035 motion for post-conviction relief. Thereafter, post-conviction counsel was appointed, and counsel filed a timely amended Rule 24.035 motion asserting Movant was entitled to post-conviction relief because, *inter alia*, her convictions violated her constitutional protections against multiple punishments under the Double Jeopardy Clause.  The motion court then entered a judgment denying Movant's amended Rule 24.035 motion without an evidentiary hearing.  Movant now appeals.

---

[4] The trial court also ordered Movant's fourteen-year sentences for Counts I and II to be served concurrently with Movant's concurrent sentences in two other criminal cases: a five-year sentence Movant received for a forgery conviction in the Circuit Court of Madison County, and a seven-year sentence Movant received for a possession of a controlled substance conviction in the Circuit Court of Ste. Genevieve County.

2

## II.     STANDARD OF REVIEW

We review the denial of a Rule 24.035 motion for post-conviction relief only to determine if the findings of fact and conclusions of law of the motion court are clearly erroneous. Rule 24.035(k); *Randle v. State*, 473 S.W.3d 221, 223 (Mo. App. E.D. 2015). Findings and conclusions are clearly erroneous if, after a review of the entire record, our Court is left with the definite and firm impression that a mistake has been made. *Randle*, 473 S.W.3d at 223. Furthermore, even if the stated reason for a motion court's decision is incorrect, the judgment should be affirmed if it is sustainable on other grounds. *Swallow v. State*, 398 S.W.3d 1, 3 (Mo. banc 2013).

To receive an evidentiary hearing, a movant's motion for post-conviction relief must allege facts, not conclusions, warranting relief. *Randle*, 473 S.W.3d at 223-24. Additionally, the facts alleged must not be refuted by the record, and the matters complained of must have been prejudicial to the movant. *Id*. "[A] [m]ovant is not entitled to an evidentiary hearing if the motion and files of the case conclusively show [she] is not entitled to relief." *Id*. at 223; *see also* Rule 24.035(h).

## III.     DISCUSSION

Movant raises three points on appeal asserting the motion court erred in denying her amended Rule 24.035 motion for post-conviction relief. Movant's primary argument, set forth in her first point on appeal, is that her convictions violate her constitutional protections against multiple punishments under the Double Jeopardy Clause because a conviction under section 195.202 is a lesser-included offense of a conviction under section 568.045. For the reasons discussed below, we hold this argument has no merit. Moreover, our discussion of Movant's first point on appeal is dispositive of her second and third points on appeal. *See* footnote 9 of this opinion.

**A.      Relevant Law Pertaining to Whether the Double Jeopardy Clause was Violated in this Case**

"The [Double Jeopardy Clause] provides that no person shall 'be subject for the same offence to be twice put in jeopardy of life or limb.'" *State v. Hardin*, 429 S.W.3d 417, 421 (Mo. banc 2014) (quoting U.S. CONST. AMEND. V).  As relevant to the instant case, the Double Jeopardy Clause "protects defendants against multiple punishments for the same offense," which simply means the sentencing court may not prescribe a greater punishment than the legislature intended.  *Hardin*, 429 S.W.3d at 421 (citing *Brown v. Ohio*, 432 U.S. 161, 165 (1977) and *Missouri v. Hunter*, 459 U.S. 359, 366 (1983)).  Consequently, our Court's double jeopardy analysis is limited to a determination of whether or not the legislature intended to allow cumulative punishments for the two offenses at issue in this case – possession of a controlled substance under section 195.202 and first-degree endangering the welfare of a child under section 568.045.  *See Hardin*, 429 S.W.3d at 421.

First, section 195.202.1 provides "it is unlawful for any person to possess or have under his control a controlled substance."  Section 195.017.4(3)(c) RSMo Cum. Supp. 2013 (effective from August 28, 2011 to December 31, 2016)[5] establishes methamphetamine is a controlled substance for purposes of section 195.202.  *See* sections 195.017.4(3)(c) and 195.202; *State v. Gillum*, 574 S.W.3d 766, 769 (Mo. App. S.D. 2019) (similarly holding).

Second, section 568.045.1 provides:

A person commits the crime of endangering the welfare of a child in the first degree if: (1) the person knowingly acts in a manner that creates a substantial risk to the life, body, or health of a child less than seventeen years old; or (2) [t]he person knowingly engages in sexual conduct with a person under the age of seventeen years over whom the person is a parent, guardian, or otherwise charged with the care and custody; [or] (3) [t]he person knowingly encourages, aids or causes a child less than seventeen years of age to engage in any conduct which violates the provisions of chapter 195; [or] (4) [s]uch person enlists the aid, either through payment or coercion, of a person less than seventeen years of age to unlawfully

---

[5] All further references to section 195.017 are to the version of the statute that was in effect from August 28, 2011 to December 31, 2016.

4

manufacture, compound, produce, prepare, sell, transport, test or analyze amphetamine or methamphetamine or any of their analogues, or to obtain any material used to manufacture, compound, produce, prepare, test or analyze amphetamine or methamphetamine or any of their analogues; or (5) *[s]uch person, in the presence of a person less than seventeen years of age or in a residence where a person less than seventeen years of age resides, unlawfully manufactures, or attempts to manufacture compounds, possesses, produces, prepares, sells, transports, tests or analyzes amphetamine or methamphetamine or any of their analogues.*

(emphasis added). The statutes are silent as to whether the legislature intended to allow cumulative punishments for these offenses. *See* sections 195.202 and 568.045.

When, as in this case, there is the absence of an offense-specific indication of legislative intent, the legislature's general intent regarding cumulative punishments is expressed in section 556.041 RSMo 2000 (effective from January 1, 1979 to December 31, 2016).[6] *Hardin*, 429 S.W.3d at 422 (citing section 556.041). Section 556.041(1) reads: "When the same conduct of a person may establish the commission of more than one offense he may be prosecuted for each such offense. He may not, however, be convicted of more than one offense if . . . [o]ne offense is included in the other, as defined in section 556.046 . . .." Section 556.046.1 RSMo Cum. Supp. 2013 (effective from August 28, 2001 to December 31, 2016)[7] defines an offense as lesser-included when, *inter alia*, "[i]t is established by proof of the same or less than all the facts *required* to establish the commission of the offense charged." Section 556.046.1(1) (emphasis added); *see also Hardin*, 429 S.W.3d at 422 (defining an offense as lesser-included "if it is impossible to commit the greater without necessarily committing the lesser") (citation omitted).

Missouri Courts have interpreted section 556.046.1(1) to create an elements test to determine whether an offense constitutes a lesser-included offense of another offense ("the same

---

[6] All further references to section 556.041 are to the version of the statute that was in effect from January 1, 1979 to December 31, 2016.

[7] All further references to section 556.046 are to the version of the statute that was in effect from August 28, 2001 to December 31, 2016.

elements test").[8] *Hardin*, 429 S.W.3d at 422; *see also* section 556.046.1(1). Under the same elements test, the elements of each offense at issue are determined from the statutory provisions and compared. *Hardin*, 429 S.W.3d at 422. "If each offense requires proof of a fact that the other does not, then the offenses are not lesser[-] included offenses, notwithstanding a substantial overlap in the proof offered to establish the crimes." *Hardin*, 429 S.W.3d at 422; *see also Blockburger v. U.S.*, 284 U.S. 299, 304 (1932) ("where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one [ ] is whether each provision requires proof of a fact which the other does not").

"If a statute may be violated in multiple ways, the critical issue for [a] double jeopardy analysis is what the statute requires; the analysis does not involve how the offense is indicted [ ] [or] proved . . .." *State v. Foster*, 591 S.W.3d 518, 522 (Mo. App. W.D. 2019) (citation omitted); *see also State v. Derenzy*, 89 S.W.3d 472, 474 (Mo. banc 2002) ("[t]he elements of the two offenses must be compared in theory, without regard to the specific conduct alleged"); section 556.046.

**B.      Analysis of Movant's Arguments in Her First Point on Appeal**

In this case, Movant argues all of the elements of possession of a controlled substance under section 195.202 are contained in the elements of first-degree endangering the welfare of a child under section 568.045, and, therefore, section 195.202 is a lesser-included offense of section 568.045. Movant's argument seemingly relies on the fact that her admission at the plea hearing that she possessed methamphetamine in the presence of I.G. provided the factual basis for her convictions on both counts. However, in *Hardin*, the Missouri Supreme Court held the

---

[8] *See State v. Sutton*, 320 S.W.3d 729, 736 (Mo. App. E.D. 2010) (similarly referring to the elements test under section 556.046 as "the same elements test") (citing, *inter alia*, *Peiffer v. State*, 88 S.W.3d 439, 443 (Mo. banc 2002)).

definition of a lesser-included offense requires a court to "compare the [s]tatute of the greater offense with the factual and legal elements of the lesser offense," instead of comparing "the [c]harge or averment of the greater offense with the legal and factual elements of the lesser offense." 429 S.W.3d at 424 (citation omitted). Therefore, it is irrelevant for purposes of our double jeopardy analysis that the same set of facts was used to prove Movant committed both offenses, and we proceed solely with a comparison of the elements of each crime as derived from their respective statutory provisions, i.e., we apply the same elements test. *See id*. at 422, 424; section 556.046.1(1); *see also Blockburger*, 284 U.S. at 304; *Derenzy*, 89 S.W.3d at 474; *Foster*, 591 S.W.3d at 522.

Section 568.045.1 enumerates five distinct ways to violate the statute and commit the crime of first-degree endangering the welfare of a child. *See* section 568.045.1(1)-(5). In this case, Movant violated section 568.045.1(5), which provides a person commits the crime of first-degree endangering the welfare of a child if "[s]uch person, in the presence of a person less than seventeen years of age or in a residence where a person less than seventeen years of age resides, unlawfully . . . possesses . . . methamphetamine . . .". However, the four additional subsections of 568.045.1 enumerate additional ways a defendant can commit the crime of first-degree endangering the welfare of a child which do not require proof a defendant possessed methamphetamine. *See* section 568.045.1(1)-(4). In fact, two of the subsections are not drug related at all. *See* section 568.045.1(1)-(2). Section 195.202, comparatively, broadly prohibits possession of a *controlled substance*. *See* section 195.202.1. Consequently, a person can violate section 195.202 by possessing any of the multiple controlled substances defined in section 195.017 which are not methamphetamine. *See* section 195.017. Therefore, when we compare the elements of each offense at issue in this appeal, we find each offense requires proof of a fact

7

which the other does not. *See Hardin*, 429 S.W.3d at 422, 424; section 556.046.1(1); *see also Blockburger*, 284 U.S. at 304; *Derenzy*, 89 S.W.3d at 474; *Foster*, 591 S.W.3d at 522.

In sum, the two offenses at issue in this case are factually and legally distinct because they are not necessarily proven by the same elements. *See id.* Accordingly, possession of a controlled substance under section 195.202 is not a lesser-included offense of first-degree endangering the welfare of a child under 568.045 pursuant to the same elements test. *See Hardin*, 429 S.W.3d at 422, 424; section 556.046.1(1); *see also Blockburger*, 284 U.S. at 304; *Derenzy*, 89 S.W.3d at 474; *Foster*, 591 S.W.3d at 522. Therefore, Movant's convictions under both statutes do not violate her constitutional protections against multiple punishments for the same offense under the Double Jeopardy Clause, and the motion court did not clearly err in denying Movant post-conviction relief without an evidentiary hearing on these grounds. *See id.*; *see also Hardin*, 429 S.W.3d at 421; section 556.041(1); Rule 24.035(k); *Randle*, 473 S.W.3d at 223-24. Point one is denied.[9]

## IV.  CONCLUSION

The motion court's judgment denying Movant's Rule 24.035 motion for post-conviction relief without an evidentiary hearing is affirmed.

_____
ROBERT M. CLAYTON III, Presiding Judge

Gary M. Gaertner, Jr., J., and
Thomas C. Clark II, J., concur.

---

[9] In her second point, Movant alleges her plea counsel was ineffective for failing to advise Movant she could not be convicted and punished for both offenses under sections 195.202 and 568.045 because possession of a controlled substance is a lesser-included offense of first-degree endangering the welfare of a child. In her third and final point, Movant argues her sentencing counsel was ineffective for failing to object to her sentence and punishment for both offenses under sections 195.202 and 568.045 because possession of a controlled substance is a lesser-included offense of first-degree endangering the welfare of a child. Movant's second and third points rely on this Court to first grant her first point on appeal and hold her conviction under section 195.202 is a lesser-included offense of her conviction under 568.045. In light of our holding with respect to Movant's first point, we need not consider her second and third points, and thus deny them as moot. *See Southerly v. United Fire & Casualty Company*, 448 S.W.3d 336, 339 (Mo. App. S.D. 2014) and *Atchley v. Atchley*, 334 S.W.3d 709, 715 (Mo. App. E.D. 2011) (both holding where one point on appeal must be granted in order to prevail on a subsequent point, denial of the first point renders the subsequent point moot).