Jeremy S. ROUTT, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 105132

Missouri Court of Appeals,
Eastern District,
DIVISION THREE.

Filed: December 19, 2017

---

Gwenda R. Robinson, 1010 Market Street, Suite 1100, Saint Louis, MO. 63101, for appellant.

Karen L. Kramer, P.O. Box 899, Jefferson City, MO. 65102, for respondent.

## Opinion

Angela T. Quigless, J.

Jeremy S. Routt ("Movant") appeals from a judgment denying his Rule 24.035[1] post-conviction relief motion following an evidentiary hearing. Movant argues the motion court clearly erred in denying his post-conviction relief motion because sentencing counsel was ineffective for failing to investigate, subpoena, and call his stepsister to testify on his behalf at the sentencing hearing. Movant also argues for the first time on appeal that the plea court erroneously enhanced his stealing offense from a misdemeanor to a felony. Finding no error, we affirm.

### Factual and Procedural Background

Movant was charged as a prior and persistent offender[2] with attempted first-degree robbery (Count I), in violation of Sections 569.020[3] and 564.011; unlawful possession of a firearm (Count II), in violation of Section 571.070 (Cum. Supp. 2010); stealing of a firearm (Count III), in violation of Section 570.030 (Cum. Supp. 2009); and distribution of a controlled substance (Counts IV, V, and VI), in violation of Section 195.211 (Cum. Supp. 2007). Counts I, II, and III alleged, in relevant part, that on June 4, 2013, Movant stole a nine-millimeter handgun, arranged to sell a half pound of marijuana to an undercover detective (the "Detective") for $2,500, and drove to meet the Detective with the intent to rob him. Counts IV, V, and VI alleged Movant knowingly sold more than five grams of marijuana to the Detective on three separate dates in May 2013.

Movant was represented by different public defenders at his guilty plea hearing and sentencing hearing. At his guilty plea hearing, Movant entered a blind plea to all counts.[4] Because Movant was a prior and persistent offender, he was subject to a range of punishment of five years to potential life imprisonment for Counts I, IV, V, and VI, and a range of one day to one year in the county jail or one to fifteen years' imprisonment plus the possibility of a fine up to $5,000 for Counts II and III.

---

1. All rule references are to Missouri Supreme Court Rules (2015) unless otherwise indicated.

2. Movant previously pleaded guilty to second-degree burglary and felony stealing in 2006, and second-degree robbery and armed criminal action in 2009.

3. All further statutory references are to RSMo (2000), unless otherwise indicated.

4. A blind plea is a plea without an agreement between the State and the defendant as to punishment.

## I. Movant's Sentencing Hearing

Movant appeared at his sentencing hearing with sentencing counsel.[5] Movant's Sentencing Assessment Report ("SAR") indicated Movant was not eligible for a long-term drug treatment program but was eligible for a short-term program. Additionally, the SAR indicated Movant had prior convictions for second-degree robbery, armed criminal action, second-degree burglary, stealing, and receiving stolen property.

At the sentencing hearing, sentencing counsel called one witness, Movant's mother ("Mother"). Mother testified Movant, now twenty-four years old, first came in contact with the criminal justice system when he was nine years old due to behavioral issues related to his ADHD and bipolar disorder. When Movant was eleven years old, Mother turned him into the police because he was smoking marijuana. Movant also sold drugs and stole from his family members.

Mother testified mental illness runs in her family. Doctors prescribed several medications for Movant but nothing worked. Doctors recommended Movant attend an inpatient treatment center so he could be properly diagnosed and treated, but Mother could not afford for Movant to attend. Mother testified she turned to the legal system for help, but Movant was placed in a juvenile facility, and he never received medication or treatment. Mother testified Movant's mental disorders caused him to have a difficult time functioning and working, and Movant would tell her "how bad he just wanted to commit suicide because he couldn't handle how bad his brain spun."

Mother further testified Movant "needs truly to be put on medicine and have that levelize him ... if he ever has a chance to be an active part of his daughter's life, to be an active part of anything." Mother stated since Movant has been back in prison, he has taken accountability for his actions for the first time. Mother testified Movant "needs medicine. Somehow, someway. And he needs for it to be done properly." Mother further testified she was "just trying to get him help," and asked the court to address Movant's medical, treatment, and counseling issues.

Thereafter, the sentencing court stated it was concerned with the dangerous nature of Movant's attempted robbery of the Detective as well as his criminal history. The sentencing court acknowledged Mother's testimony, however noted that in the six-month period Movant was out of prison on parole for his prior felony convictions of second-degree robbery and armed criminal action, he committed the six felonies he pleaded guilty to in this case. The court stated it was not convinced a long-term drug treatment program would help Movant. The court expressed its concern regarding Movant's multiple prior felony convictions, and noted there was no guarantee that Movant would not commit additional crimes. Thus, the court stated any sympathy it felt for Movant did not overcome its obligation to protect society.

The court sentenced Movant to twenty years' imprisonment for Count I, ten years' imprisonment for Counts II and III, and fifteen years' imprisonment for Counts IV, V, and VI. The court ordered the sentences for Counts II–VI run concurrently with one another but consecutively with the sentence for Count I, for a total sentence of thirty-five years' imprisonment, based on Movant's prior criminal history and the fact that he committed an extremely dangerous felony while on parole.

---

**5.** Movant's sentencing counsel filed an entry of appearance on December 16, 2013, notifying the court that she would be representing Movant at sentencing in lieu of plea counsel.

When the sentencing court questioned Movant regarding assistance of counsel, Movant stated he was dissatisfied with sentencing counsel's performance. Movant stated he never met or communicated with counsel until three minutes before the sentencing hearing, and they never had a conversation about any potential witnesses who would testify on his behalf at the sentencing hearing.

## II. Movant's Rule 24.035 Post-Conviction Motion and Appeal

Movant timely filed a *pro se* Rule 24.035 motion for post-conviction relief. The motion court appointed post-conviction counsel, and counsel requested an additional thirty days to file an amended motion, which the motion court granted. Counsel timely filed an amended Rule 24.035 motion, alleging, in part, that sentencing counsel was ineffective for failing to investigate, subpoena, and call his stepsister ("Stepsister") to testify on his behalf at the sentencing hearing. Had sentencing counsel communicated with him more and asked him about potential witnesses, Movant argued he would have told counsel he wanted Stepsister to testify because Stepsister was the person "most familiar" with his "drug addiction and the difficulties that he has faced both due to his drug addiction and his untreated mental illness." Movant alleged Stepsister would have requested leniency, and would have testified Movant could be rehabilitated if he received adequate medication and treatment. Thereafter, the motion court entered a judgment denying Movant's motion without an evidentiary hearing.

Movant appealed the motion court's judgment. This Court entered its judgment in *Routt v. State*, 493 S.W.3d 904 (Mo. App. E.D. 2016) ("*Routt I*"), reversing the motion court's judgment and remanding the cause for an evidentiary hearing. Specifically, finding that sentencing counsel's decision not to call Stepsister was not reasonable trial strategy because Movant did not meet or communicate with counsel before the sentencing hearing, nor did they have a conversation about any potential witnesses. *Id.* at 912. Further that Stepsister could have been located through reasonable investigation, and she would have testified if called as a witness. *Id.* On the issue of whether Stepsister's testimony would have aided in Movant's defense, this Court concluded there was no way to determine whether her testimony would have been cumulative to matters fully developed by Mother's testimony absent an evidentiary hearing. *Id.* at 914. Thus, this Court found Movant demonstrated prejudice because there was a reasonable probability that had Stepsister testified, Movant would have received a lesser sentence and would have been placed in a drug treatment program. *Id.* at 915.

## III. Movant's Evidentiary Hearing and the Motion Court's Judgment

The motion court held an evidentiary hearing in accordance with this Court's instructions on remand. At the hearing, Stepsister testified Movant has ADHD and suffers from bipolar disorder. Stepsister was unaware of whether Movant currently takes medication, however stated Movant has taken medication in the past, but it "made him seem very not himself[.]" Stepsister blames Movant's past behavioral issues on being prescribed the wrong combination of medication. Stepsister opined Movant could be medicated to the point that he could control his behavior, however admitted she did not have any training regarding medication or treatment for Movant's disorders.

Stepsister further testified she witnessed Movant use marijuana and take pills, including Adderall. She stated the drugs made him suicidal, argumentative, and erratic, and she believed Movant was

addicted. Stepsister testified she believed "if he was given the chance to go to treatment and [learn] steps to control those behaviors, it would definitely improve his way of living." Stepsister described Movant as a "very loving, and a very loyal person, and he is very kindhearted. He's always there for us when we definitely need him." Stepsister opined that with treatment and support, Movant could return to society and be a law abiding citizen.

Following the evidentiary hearing, the motion court again denied Movant's post-conviction relief motion. The motion court found Stepsister's testimony was cumulative to Mother's testimony, and there was no prejudice because Stepsister's testimony would not have changed the circumstances of the crimes nor alleviated the concern of the sentencing court and the overriding obligation it felt to protect society. This appeal follows.

## Points Relied On

Movant asserts two points on appeal. In Point I, Movant argues the motion court clearly erred in denying his post-conviction relief motion following an evidentiary hearing because sentencing counsel was ineffective for failing to investigate, subpoena, and call Stepsister to testify on his behalf at the sentencing hearing, in that she was reasonably discoverable, locatable, willing, and available to testify, and would have aided in his defense by testifying to favorable facts that were not cumulative of other testimony. In Point II, Movant argues the plea court erroneously enhanced his stealing offense from a misdemeanor to a felony, in that the felony enhancement provision under Section 570.030.3 did not apply to the charged stealing offense because the value of property or services appropriated was not an element of the charged stealing offense.

## Discussion

### Point I—Ineffective Assistance of Counsel

In Point I, Movant argues the motion court clearly erred in denying his post-conviction relief motion following an evidentiary hearing because sentencing counsel was ineffective for failing to investigate, subpoena, and call Stepsister to testify on his behalf at the sentencing hearing, in that she was reasonably discoverable, locatable, willing, and available to testify, and would have aided in his defense by testifying to favorable facts that were not cumulative to Mother's testimony. But for sentencing counsel's failure, Movant argues there is a reasonable probability the sentencing court would have imposed a shorter term of imprisonment. We disagree.

Our review of the denial of a Rule 24.035 motion is "limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 24.035(k); *Weeks v. State*, 140 S.W.3d 39, 44 (Mo. banc 2004). The findings and conclusions are deemed clearly erroneous only if, after reviewing the entire record, we are left with the definite and firm impression that a mistake has been made. *Brooks v. State*, 242 S.W.3d 705, 708 (Mo. banc 2008).

In order to prevail on a claim of ineffective assistance of counsel, Movant must show by a preponderance of the evidence that (1) sentencing counsel's performance was deficient, and (2) he was thereby prejudiced. *Thompson v. State*, 449 S.W.3d 53, 59 (Mo. App. W.D. 2014) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). To establish the performance component of a claim that counsel was ineffective for failing to investigate and call a witness at his sentencing hearing, Movant

must establish (1) the decision involved something other than reasonable trial strategy; (2) the witness could have been located through reasonable investigation; (3) the witness would have testified if called; and (4) the witness's testimony would have aided in Movant's defense. *Cherco v. State*, 309 S.W.3d 819, 825 (Mo. App. W.D. 2010). Given this Court's remand in *Routt I*, we need only address the fourth prong—whether Stepsister's testimony would have aided in Movant's defense.

Here, the motion court concluded sentencing counsel was not ineffective because Stepsister's testimony during the evidentiary hearing was cumulative to Mother's testimony during the sentencing hearing, and, therefore, Stepsister's testimony would not have aided in Movant's defense. We agree.

Ordinarily, a movant fails to demonstrate a proposed witness's testimony would have aided in his defense when the testimony would have been cumulative of testimony already presented at the sentencing hearing. *Johnson v. State*, 406 S.W.3d 892, 909 (Mo. banc 2013). Counsel will not be deemed ineffective for failing to present cumulative testimony. *Tisius v. State*, 519 S.W.3d 413, 428 (Mo. banc 2017); *Bucklew v. State*, 38 S.W.3d 395, 398 (Mo. banc 2001). A witness's testimony is considered to be cumulative when it "relates to a matter fully developed by other testimony." *Barnes v. State*, 334 S.W.3d 717, 722 (Mo. App. E.D. 2011).

At the sentencing hearing, Mother testified Movant, now twenty-four years old, first came in contact with the criminal justice system when he was nine years old due to behavioral issues related to his ADHD and bipolar disorder. When Movant was eleven, Mother turned him into the police because he was smoking marijuana. Movant also sold drugs and stole from his family members.

Mother stated mental illness runs in her family. Mother testified extensively regarding Movant's need for inpatient treatment and adequate medication, which he has never received. Mother testified Movant's mental disorders caused him to have a difficult time functioning and working, and Movant would tell her "how bad he just wanted to commit suicide because he couldn't handle how bad his brain spun."

Mother testified Movant "needs truly to be put on medicine and have that levelize him ... if he ever has a chance to be an active part of his daughter's life, to be an active part of anything." Mother stated that since Movant has been back in prison, he has taken accountability for his actions for the first time. Mother testified Movant "needs medicine. Somehow, someway. And he needs for it to be done properly." Mother also testified that she was "just trying to get him help," and asked the court to address Movant's medical, treatment, and counseling issues.

At the evidentiary hearing, Stepsister likewise testified Movant has ADHD and suffers from bipolar disorder. Stepsister was unaware of whether Movant currently takes medication, however stated Movant has taken medication in the past, but it "made him seem very not himself[.]" Stepsister blames Movant's past behavioral issues on being prescribed the wrong combination of medication. Stepsister opined Movant could be medicated to the point where he could control his behavior, however admitted she did not have any training regarding medication or treatment for Movant's disorders.

Stepsister further testified she witnessed Movant use marijuana and take pills, including Adderall. She stated the drugs made him suicidal, argumentative, and erratic, and she believed Movant was addicted. Stepsister testified she believed "if he was given the chance to go to treat-

ment and [learn] steps to control those behaviors, it would definitely improve his way of living.". Stepsister described Movant as a "very loving, and a very loyal person, and he is very kindhearted. He's always there for us when we definitely need him." Stepsister opined that with treatment and support, Movant could return to society and be a law abiding citizen.

■ Based upon the record, we agree with the motion court's finding that Stepsister's testimony was cumulative to Mother's because it "provided no additional pertinent information to overcome the Court's concern over the circumstances of the current charges and for society." Specifically, both Stepsister and Mother testified Movant has a history of behavioral issues, which stem from his ADHD and bipolar disorder, and he has never been properly treated or medicated. They testified Movant has been suicidal, and his drug use and behavioral issues affect his demeanor and make it difficult for him to function. Additionally, both testified Movant needs proper medication, treatment, and support to address his behavioral issues. Although Stepsister opined Movant could be rehabilitated and blamed Movant's past behavioral issues on being prescribed the wrong combination of medication, we agree with the motion court's conclusion that Stepsister has no medical training to support her opinion. *See Bacon v. Uhl,* 173 S.W.3d 390, 396 (Mo. App. S.D. 2005) ("Judging credibility and assigning weight to evidence and testimony are matters for the trial court[.]").

■ Nevertheless, Movant argues the testimonies of Mother and Stepsister are not cumulative because there is a "harsh contrast between the tone and tenor of their two testimonies," which is "glaringly apparent from a reading of the cold record." However, as noted *supra,* Stepsister's testimony relates to matters fully de-

veloped by Mother's testimony. *See Barnes,* 334 S.W.3d at 722. Further, appellate courts defer to the motion court on factual issues because the motion court is in a superior position not only to judge the credibility of witnesses, but also their sincerity, character, and other trial intangibles which may not be completely revealed by the record. *See Orange v. White,* 502 S.W.3d 773, 780 (Mo. App. E.D. 2016). Here, the motion court held an evidentiary hearing on Movant's claim where it heard and observed Stepsister's detailed testimony, and subsequently determined her testimony was cumulative to Mother's testimony. *See Masden v. State,* 62 S.W.3d 661, 668 (Mo. App. W.D. 2001). Therefore, not only do we find the testimony was cumulative based on our independent review of the record, but we defer to the motion court's determination as to Stepsister's credibility and the weight of her testimony.

■ Furthermore, we find Movant failed to prove he was prejudiced. Movant meets his burden of demonstrating prejudice if he can establish that but for counsel's alleged deficient performance during sentencing, there is a reasonable probability he would have received a lesser sentence. *Rush v. State,* 366 S.W.3d 663, 666 (Mo. App. E.D. 2012); *Eichelberger v. State,* 134 S.W.3d 790, 792 (Mo. App. W.D. 2004).

Here, the motion court concluded there was no prejudice because Stepsister's testimony would not have changed the circumstances of the crimes "nor would it have alleviated the concern of the [sentencing court] and overriding obligation it felt to protect society." We agree. At the sentencing hearing, the court stated it was concerned with the dangerous nature of Movant's attempted robbery of the Detective as well as his criminal history. The sentencing court acknowledged Mother's

testimony, however noted that in the six-month period Movant was out of prison on parole for his prior felony convictions of second-degree robbery and armed criminal action, he committed the six felonies he pleaded guilty to in this case. As a result, the court stated it was not convinced a long-term drug treatment program would help Movant.[6] The court noted its concern that Movant had multiple prior felony convictions, and stated there was no guarantee that Movant would not commit additional crimes. Thus, the court stated any sympathy it felt for Movant did not overcome its obligation to protect society.

Notably, the court sentenced Movant based on his prior criminal history and the fact that he committed an extremely dangerous felony while on parole. Therefore, it is clear from the record that even if Stepsister had requested leniency at the sentencing hearing and testified that Movant could be rehabilitated, we see no reasonable probability that Movant would have received a lesser sentence. *See Rush*, 366 S.W.3d at 667.

Accordingly, we find the motion court did not err in denying Movant's claim following an evidentiary hearing because Stepsister's testimony was cumulative to Mother's testimony, and no prejudice resulted. Point I is denied.

**Point II—Enhanced Stealing Offense**

 In Point II, Movant, relying on *State v. Bazell*, 497 S.W.3d 263 (Mo. banc 2016), argues for the first time on appeal that the plea court erroneously enhanced his stealing offense from a misdemeanor to a felony, in that the felony enhancement provision under Section 570.030.3 did not apply to the charged stealing offense because the value of property or services appropriated was not an element of the charged stealing offense. Movant requests this Court vacate his felony conviction and ten-year sentence, and remand for resentencing. We decline to review this claim.

Movant concedes that because he did not raise this claim in his post-conviction relief motion, it is not properly preserved for appellate review. Nonetheless, Movant requests we exercise our discretion to review his claim for plain error pursuant to Rule 84.13. Plain error review, however, does not apply to claims that were not raised in a Rule 24.035 motion. *Hoskins v. State*, 329 S.W.3d 695, 699 (Mo. banc 2010); *Lilly v. State*, 374 S.W.3d 390, 394 (Mo. App. W.D. 2012). Specifically, Rule 24.035(d) provides that "the movant waives any claim for relief known to the movant that is not listed in the motion." Here, Movant did not raise the felony enhancement issue in his post-conviction relief motion, and we will not address this unpreserved claim. *See Murphy v. State*, 510 S.W.3d 876, 881 (Mo. App. E.D. 2017). Our review is limited to determining whether the motion court's findings and conclusions are clearly erroneous. *Weeks*, 140 S.W.3d at 44. Here, there are no findings and conclusions for this Court to review because Movant did not ask the motion court to consider whether the sentencing court erroneously enhanced his stealing conviction to a felony.[7] Point II is denied.

6. In addition, the SAR indicated Movant was not eligible for a long-term drug treatment program.

7. Even if we were to review this claim, we would find Movant cannot raise a *Bazell* challenge for the first time during post-conviction relief proceedings in light of the Missouri Supreme Court's recent holding in *State ex rel. Windeknecht v. Mesmer*, 530 S.W.3d 500 (Mo. banc 2017). The Court in *Mesmer* concluded that *Bazell* is not retroactive unless the case is pending on direct appeal. *Id.* at 503.

## Conclusion

We affirm the judgment of the motion court.

Gary M. Gaertner, Jr., P.J., and Robert M. Clayton III, J. concur