MARY W. SHEFFIELD, J.
Donnie Wayne Hounihan ("Movant") raises two points in appealing a judgment that denied his amended Rule 29.15 motion for post-conviction relief.[1] Movant claims his trial counsel was ineffective for failing to call his physician to testify and his appellate counsel was ineffective for failing to raise a claim that Movant's conviction for driving with a revoked license was improperly enhanced from a misdemeanor to a class D felony. The judgment is affirmed in part and reversed and remanded in part for further proceedings.
Background
Movant was charged in the underlying criminal case with one count of the class B felony of driving while intoxicated as a chronic offender ("DWI"), see §§ 577.010, 577.023, and one count of the class D felony of driving with a suspended or revoked license ("DWR"). See § 302.321. During the bench trial, Officer David Maclin ("Officer *526 Maclin") testified that he stopped Movant after the car he was driving crossed the center line "three or more times." As Officer Maclin spoke to Movant, Movant looked straight forward and avoided eye contact. When Officer Maclin asked Movant for his driver's license, Movant replied that he did not have a license and believed it had been revoked. Movant swayed as he walked to the patrol car, and his footing was uncertain. After Movant got into the patrol car, Officer Maclin saw that his eyes were blood shot, watery, and glassy. Officer Maclin noticed a "really strong" odor of alcohol emanating from Movant. Movant admitted that during the three hours preceding the stop, he drank a "few beers" and a "pint of LTD." Movant consented to a blood draw, and testing on the blood sample was admitted as an exhibit at trial.[2]
Movant took the stand in his own defense. He testified to numerous medical conditions, including bulging discs in his back that required him to walk with the assistance of a cane. Movant said that he could not stand on his feet during the traffic stop because of the problems with his back and legs.[3] Movant also said that he took several medications that caused his eyes to be watery and red.
The trial court found Movant guilty as charged and sentenced him to concurrent terms of seven years' imprisonment for DWI and four years' imprisonment for DWR. Thereafter, Movant filed an amended motion for post-conviction relief raising the same two claims he presents in this appeal.[4] The motion court held an evidentiary hearing and thereafter issued a judgment denying each claim. This appeal followed. Additional facts will be recited below as necessary.
Standard of Review
This Court reviews the motion court's findings and conclusions only for clear error. Rule 29.15(k). The motion court's findings and conclusions are presumed correct; we will find clear error only where a review of the entire record leaves a definite and firm impression that a mistake has been made. Hardy v. State, 387 S.W.3d 394, 399 (Mo. App. S.D. 2012).
Discussion and Decision
Point 1
Movant's first point claims clear error in the motion court's denial of his amended motion alleging his trial counsel, Inga Ladd ("Ladd"), was ineffective for failing to call Dr. Abdullah Arshad ("Dr. Arshad") as a witness when she had notice that Dr. Arshad was Movant's attending physician and could testify to his various maladies as well as the side effects of the medications he took to treat those maladies. Movant argues that Dr. Arshad would have supported Movant's claim that he was not intoxicated, and there is a reasonable probability the trial court would have acquitted him of DWI if it had heard Dr. Arshad's testimony.
At the evidentiary hearing on the post-conviction motion, Ladd testified that Movant said he was too old and sick to go to prison, and asked her to subpoena Dr. Arshad. Ladd told Movant that being old and sick was not an excuse for driving while intoxicated, and that she did not think Dr. Arshad's testimony would be relevant. Ladd stated she made a strategic *527 decision not to call Dr. Arshad to testify, that Movant had admitted to her that he had been drinking, and there was never any information communicated that led her to believe Movant's positive blood alcohol test result was due to anything other than the alcohol that he had consumed prior to the stop.
Dr. Arshad testified at the evidentiary hearing that he had treated Movant for over ten years. Dr. Arshad testified that Movant had a degenerative disk condition in the lumbar portion of the spine, osteoarthritis in his knee and back, bulging disks, and peripheral vascular disease. Dr. Arshad testified that those conditions would cause problems with ambulation, and that Movant used a cane when visiting his office. Dr. Arshad admitted on cross-examination that none of the medications he prescribed for Movant would cause him to smell of an alcoholic beverage.
The motion court denied Movant's claim, finding that Movant was not prejudiced by Ladd's failure to call Dr. Arshad as a witness. The motion court found that based on Officer Maclin's field observations, Movant's admission to consuming alcohol prior to driving, and Movant's blood alcohol content, there was no reasonable probability that the outcome of the trial would have been different had Dr. Arshad testified. This finding is not clearly erroneous.
To show ineffective assistance of counsel, Movant had to prove that: "(1) his counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would exercise under similar circumstances; and (2) his defense was prejudiced as a result of that deficiency." Hardy, 387 S.W.3d at 400 (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). The prejudice necessary to succeed on a claim of ineffective assistance of counsel is shown where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694, 104 S.Ct. 2052. If a claim of ineffective assistance of counsel can be disposed on lack-of-prejudice grounds, that course should be followed. Taylor v. State, 382 S.W.3d 78, 81 (Mo. banc 2012). To succeed on an ineffectiveness claim based upon counsel's failure to call a witness, the movant must show, among other things, "that the witness's testimony would have produced a viable defense." Midgyett v. State, 392 S.W.3d 8, 12-13 (Mo. App. W.D. 2012). "Failure to present evidence that is cumulative to that presented at trial does not constitute ineffective assistance of counsel." McLaughlin v. State, 378 S.W.3d 328, 343 (Mo. banc 2012).
Here, Dr. Arshad testified regarding Movant's back problems and gait impairment, but he did not testify about any physical conditions or medications that would have caused Movant's eyes to water, made Movant smell strongly of alcohol, or swerve repeatedly into the wrong lane of traffic. Moreover, the trial court heard Movant's admission that he had been drinking beer and whiskey within hours of driving and evidence of Movant's BAC shortly after the stop. The evidence of Movant's guilt was overwhelming, Dr. Arshad's testimony would not have produced a viable defense, and Dr. Arshad's testimony regarding Movant's lack of ambulation would have been cumulative to Movant's own testimony before the trial court. Point 1 is denied.
Point 2
Movant's second point claims clear error in the motion court's finding that appellate counsel, Jedd Schneider ("Schneider"), was not ineffective for failing to argue that there was insufficient *528 evidence to convict Movant of DWR as a class D felony. Movant claims the only evidence before the trial court failed to prove that Movant was eligible for an enhancement of his DWR conviction from a misdemeanor to a class D felony.
A movant requesting post-conviction relief based on claims of ineffective assistance of appellate counsel must satisfy the two-pronged Strickland standard. Meiners v. State, 540 S.W.3d 832, 836 (Mo. banc 2018).
To meet this test, the movant must first establish that appellate counsel's performance was deficient. This requires a showing that the attorney failed to exercise the level of skill and diligence that a reasonably competent counsel would in a similar situation. The error overlooked on appeal must have been so obvious that a competent and effective lawyer would have recognized and asserted it. In evaluating an attorney's performance, this Court must eliminate the distorting effects of hindsight ... [and] evaluate the conduct from counsel's perspective at the time. In addition to showing counsel's performance was deficient, the movant must also demonstrate the deficient performance resulted in prejudice to his defense. Prejudice occurs when there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.
Id. (internal citations and quotations omitted).
Appellate counsel is not required to raise every possible claim asserted in a motion for new trial and has no duty to present non-frivolous issues where appellate counsel makes a strategic decision to winnow out some arguments in favor of others. Tisius v. State, 519 S.W.3d 413, 431-32 (Mo. banc 2017). The process of selecting and focusing the arguments "is the hallmark of effective appellate advocacy." Smith v. Murray, 477 U.S. 527, 536, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986). We presume that appellate counsel's conduct fell within the wide range of reasonable professional assistance, and a movant must overcome that presumption by showing that appellate counsel's failure to raise an issue on appeal "was not a reasonable legal strategy." Tate v. State, 461 S.W.3d 15, 22 (Mo. App. E.D. 2015).
Here, the motion court denied Movant's claim by finding only that the enhancement issue was not obvious from the record because the issue was not noticed by trial counsel, the prosecuting attorney, or the trial court. We decline to rubber stamp that finding when a straightforward comparison of Movant's driving record and the requirements of § 302,321.2 would have revealed an evident discrepancy and when the only justification given by the motion court for denying the claim was that post-conviction counsel was the first to notice the issue. Moreover, the State on appeal, abandons any attempt to defend the motion court's finding and concedes "that a sufficiency claim would have been meritorious" if raised on direct appeal.[5]
Nevertheless, the State claims that Schneider employed reasonable legal strategy *529 in deciding which points to raise, and not raise, on appeal:
[Movant] received a seven-year sentence on the driving while intoxicated charge and a four-year concurrent sentence on the driving while revoked charge. The unraised claim of sufficiency of the evidence on the driving while revoked charge would not have vacated that conviction, but would only have resulted in remand for resentencing as a misdemeanor, an action that would not have reduced the time that [Movant] would spend in prison. On the other hand, the claims that appellate counsel did raise would, if successful, have resulted in a new trial on both charges and the possibility of an acquittal. It would be reasonable for counsel to focus on identifying those claims that would have a more significant impact for the appellant if successful and, in doing so, to give less attention to issues that would have less impact.
The State is correct in noting that the key question remaining in this case is whether, Schneider's subjective intent aside, an objectively-reasonable strategy was to not raise the issue on appeal. But we decline the State's invitation to assume this as an alternative, correct basis for affirming the ruling, see Swallow v. State, 398 S.W.3d 1, 3 (Mo. banc 2013), as there are no factual findings by the motion court that would support the conclusion that Schneider's failure to raise this point was a "reasonable legal strategy." See Sanders v. State, 564 S.W.3d 380 (Mo. App. S.D. 2018) (remand required for findings from the motion court on similar issue in similar circumstances).
Here, the motion court addressed only whether the issue was obvious from the record and did not address or make any findings whether Schneider's decision not to brief this issue could have been objectively-reasonable legal strategy. The motion court made no findings as to whether Schneider made a strategic legal decision to omit the claim in question[6] or whether any reasonable appellate counsel could have elected not to raise the point for strategic or tactical reasons, even if Schneider was not subjectively motivated by those reasons.[7]
Schneider selected two issues that could have vacated Movant's convictions and sentences, while omitting a claim which might have dissipated valuable appellate *530 resources and only resulted in the same prison sentence for an elderly man in poor health.[8] It is for the motion court to determine whether Schneider's failure to raise the issue was objectively reasonable, however, as we cannot determine, as a matter of law, whether any factual finding of the motion court would be clearly erroneous. It is the motion court's duty to issue findings of fact and conclusions of law on all issues presented. Rule 29.15(j). Appellate review is limited by rule "to a determination of whether the findings and conclusions of the [motion] court are clearly erroneous." Rule 29.15(k). Without findings and conclusions by the motion court, a reviewing court must engage in de novo review, which we are not permitted to do. Frye v. State, 392 S.W.3d 501, 507 (Mo. App. W.D. 2013).
Point 2 is granted insofar as it alleges clear error in the basis given for the motion court's denial of claim 8(b)(1) on the facts on this case. We remand the cause with instructions for the motion court to issue findings of fact and conclusions of law as to whether Schneider's failure to raise the issue could have been objectively-reasonable legal strategy and enter judgment accordingly. The judgment is affirmed in all other respects.
JEFFREY W. BATES, J. - CONCURS
DANIEL E. SCOTT, J. - CONCURS

All rule references are to Missouri Court Rules (2017). Statutory references are to RSMo Cum. Supp. (2013).

Movant has not deposited that exhibit with this Court.

Officer Maclin did not perform field sobriety tests on Movant due to this fact.

The pro se and amended post-conviction motions were timely filed.

DWR is typically a misdemeanor. See § 302,321.2. The State pled and attempted to prove that Movant's DWR was eligible for enhancement to a class D felony based on one prior alcohol-related enforcement contact, one municipal violation of driving while suspended, and one state-law violation of driving while suspended. See id. The record reflects, and the parties agree, that the State's evidence was insufficient to establish whether Movant was represented by or waived counsel in his municipal conviction, or whether Movant received and served a sentence of at least ten days on either of his previous convictions for driving while revoked. See id.

At the evidentiary hearing on the amended motion, Movant presented an affidavit executed by Schneider in which he claimed to have no subjective strategy for failing to raise the issue. The motion court made no finding whether it believed this statement or not. On remand, the motion court is free to believe or disbelieve this evidence, whether contradicted or undisputed. See Savick v. State, , 66 (Mo. App. S.D. 2015).

"Although courts may not indulge ` post hoc rationalization' for counsel's decisionmaking that contradicts the available evidence of counsel's actions, neither may they insist counsel confirm every aspect of the strategic basis for his or her actions." Harrington v. Richter, , 109, , 178 L.Ed.2d 624 (2011) (internal citation omitted). After an adverse appellate decision "even the most experienced counsel may find it difficult to resist asking whether a different strategy might have been better, and, in the course of that reflection, to magnify their own responsibility for an unfavorable outcome." Id. But Strickland requires an objective inquiry into the reasonableness of counsel's performance rather than a subjective inquiry into counsel's actual state of mind. Id. at 110, . Thus, the relevant question under Strickland 's performance prong, which calls for an objective inquiry, is whether any reasonable appellate counsel could have elected not to raise the point for strategic or tactical reasons, even if appellate counsel was not subjectively motivated by those reasons. See Seals v. State, , 660 (Mo. App. S.D. 2018).

Schneider raised two claims of error in his brief. The first point was that the trial court plainly erred in questioning a State's witness and Movant about whether Movant consented to a blood draw. The second claim was that the court plainly erred in summarily denying trial counsel the opportunity to re-cross examine a State's witness. This Court addressed and denied both claims in an unpublished opinion. State v. Hounihan, SD34286 (Mo. App. December 21, 2016) ( per curiam).