

# Missouri Court of Appeals
## Southern District
### Division One

STATE OF MISSOURI,          )
                                   )

          Respondent,     )
                                   )

  vs.                       )   No. SD35615
                                   )

CREGG ALLEN SNYDER,    )   FILED: November 19, 2019
                                   )

          Appellant.      )

### APPEAL FROM THE CIRCUIT COURT OF PHELPS COUNTY

#### Honorable John D. Beger

**<u>AFFIRMED</u>**

Following a jury trial, Cregg Allen Snyder ("Defendant") was convicted of two counts of first-degree statutory sodomy involving S.L. (Counts 1 and 2) and two counts of first-degree statutory sodomy involving T.L. (Counts 3 and 4). *See* section 566.062.[1]

Defendant raises three points on appeal. His first point alleges an abuse of trial court discretion in the exclusion of certain testimony from Nikki Breuer, a Division of Social Services ("DSS") employee, from evidence. His second and third points request plain error review of the trial court's submission of jury instructions 13 and 17, the verdict directors for Counts 3 and 4, respectively. Determining that Defendant's first point is not preserved for appellate review and

---

[1] All statutory references are to RSMo Cum.Supp. (2006). All rule references are to Missouri Court Rules (2019).

that his requests for plain error review in his second and third points are denied, we affirm.

## Factual and Procedural Background

Defendant does not challenge the sufficiency of the evidence to support his conviction. Briefly summarized and viewed in the light most favorable to the finding of guilt, ***State v. Lammers***, 479 S.W.3d 624, 632 (Mo. banc 2016), the evidence reveals that S.L. and T.L., born in May 2008 and June 2004, respectively, moved in with Defendant in January 2015 and lived with him until July 2015. During this timeframe, Defendant committed acts of abuse against S.L and T.L., which included inserting his penis in S.L.'s mouth and anus, touching T.L's penis, and making T.L. touch Defendant's penis.

Following his convictions on four counts of first-degree statutory sodomy, Defendant was sentenced to twenty years' imprisonment for each count and those terms were ordered to run consecutively. Defendant timely appeals.

Additional relevant background is set out, *infra*, as we discuss Defendant's three points relied on. Due to their similarity, Defendant's second and third points are addressed together.

## Discussion

### *Point 1 – Claim not Preserved for Appellate Review*

In his first point, Defendant contends that "[t]he trial court abused its discretion in sustaining the State's objection and excluding the testimony of Nikki Breuer[.]" Specifically, he asserts that the trial court erred in "excluding the testimony of Nikki Breuer *that the Division of Family Services ceased its investigation of [Defendant.]*" (Emphasis added.) This evidence, according to Defendant, "was relevant to show that the children's story changed, either due to pressure from investigators or the children's family, which caused the State to charge these allegation [sic] and calls into question the children's credibility." For the reasons set forth below, the claim in this point was not preserved for appellate review.

2

At trial, Defendant called Nikki Breuer as a witness and attempted to ask her questions relating to a July 25, 2016, letter from the Children's Division in Dent County that was addressed to Defendant and signed by Breuer ("the letter"). The letter stated that the Children's Division, following an investigation into a report alleging sexual abuse by Defendant against S.L. and H.L.,[2] had determined that there was insufficient evidence to conclude based on a preponderance of the evidence that S.L. and H.L. had been abused.

Following an objection by the prosecutor, the trial court looked over the letter and asked "For the record, this is marked as Exhibit A; is that correct?" Defense counsel responded, "That is correct. That was before [H.L.] dropped out of it." The trial court then indicated that it did not think that the letter was admissible. Defense counsel responded, "I'm not gonna admit it" and clarified that "I'm just gonna have her acknowledge that she sent the letter and that it is . . . ." Before defense counsel could finish, the trial court stated, "You're gonna have her acknowledge that she sent a letter saying they were not gonna pursue the investigation?" Defense counsel responded in the affirmative "as far as [S.L.]" The trial court then stated that it thought the evidence was irrelevant but "I will send the jury back and let you make an offer of proof, all right, and we'll see if you can make it relevant."

Once the jury was out of the courtroom, defense counsel asked Breuer to identify the letter, confirm the accuracy of the date and her signature, and confirm that the letter "purport[s] to conduct business concerning [Defendant.]" Then, without addressing any substance in the letter, defense counsel stated, "That's my offer of proof."

Following another objection by the prosecutor, the trial court stated, "My understanding is, from what you said at the Bench, you're not going to offer the letter in evidence?" Defense

---

[2] H.L. is the sibling of S.L. and T.L. No criminal charges against Defendant involving H.L. were brought to trial.

counsel responded, "That's correct." The trial court then asked why defense counsel thought the fact that Breuer wrote the letter was relevant. Defense counsel responded, "That the letter did, in fact, say that they weren't going to continue the investigation." The trial court then observed that defense counsel did not elicit that testimony from Breuer. Asked by the trial court if he had any objection, the prosecutor stated, "an alternative decision by an independent administrative body doesn't have any relevance on the veracity of the allegations." The trial court then replied, "That objection will be sustained."

Following the jury's findings of guilt, Defendant filed a motion for a new trial. None of the allegations in that motion, however, claim any trial court error in excluding any testimony elicited from Breuer. Rather, Defendant alleged:

> The trial court erred in that *initial letters* sent to Defendant by the Dent and Phelps County Division of Family [sic] Services, State of Missouri, concluding that the entities were closing their respective investigations against Defendant because there was not sufficient evidence by a preponderance of the evidence to proceed against Defendant *were deemed inadmissible*. The trial court's *failure to allow the admission of said evidence* violated Defendant's rights under the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and Article I, Sections, 2, 10, 15, 18(a), 19 and 21 of the Missouri S[t]ate Constitution.

(Emphasis added.) This claim addresses the letter and its content, which Defendant expressly and affirmatively represented to the trial court that he *did not* seek to admit at trial.

Now, in this appeal and without explanation, Defendant grafts the letter's information that DSS was closing its investigation onto Breuer's purported testimony at trial and that the trial court erred in excluding that testimony. As previously noted, however, nothing in the record supports that such testimony was ever offered to the trial court by Defendant.

"If an objection to the proffered evidence is sustained, the proponent must then make an offer of proof in order to preserve the record for appeal and to allow the trial court to consider further the claim of admissibility." *State v. Yole*, 136 S.W.3d 175, 178 (Mo.App. 2004).

4

However, "[a] defendant cannot, on appeal, broaden the stated purpose of an offer of proof made at trial." *State v. Cote*, 60 S.W.3d 700, 705 (Mo.App. 2001); *see also* **State v. Johnson**, 207 S.W.3d 24, 43 (Mo. banc 2006) ("A point is preserved for appellate review only if it is based on the same theory presented at trial."). Moreover, in a jury-tried case, a claim generally must be included in a motion for new trial in order to be preserved for appellate review. Rule 29.11(d).

Here, the information that DSS had closed its investigation into Defendant was *not* established by Breuer's testimony as part of Defendant's offer of proof. Moreover, Defendant made no claim in his motion for new trial that the trial court erred in excluding any of Breuer's testimony. Defendant's claim raised in this appeal directed toward the exclusion of Breuer's testimony, therefore, is not preserved for appellate review. Accordingly, point 1 is denied.

### *Points 2 and 3 – Requested Plain Error Review Declined*

Defendant concedes that his instructional error claims in his second and third points are not preserved for appellate review in that he did not object to Instructions 13 and 17 as required by Rule 28.03. He requests that we review for plain error under Rule 30.20.[3]

"Rule 30.20 is no panacea which a criminal defendant can use to obtain appellate review of any alleged error that is unpreserved." **State v. Campbell**, 122 S.W.3d 736, 739 (Mo.App. 2004). "[A]n appellate court is not required to engage in plain error review; the decision whether to grant or deny such a request is left to the court's discretion." *Id.* at 740. "The court may simply decline to exercise its discretionary authority to review the point for plain error." **Shifkowski v. State**, 136 S.W.3d 588, 590 (Mo.App. 2004).[4]

---

[3] Rule 30.20 provides, in pertinent part, "Whether briefed or not, plain errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom."

[4] In the absence of a request, we may, nevertheless, *sua sponte* engage in plain error review where we find a manifest injustice or miscarriage of justice. *See, e.g.*, **State v. Kimes**, 234 S.W.3d 584, 590 (Mo.App. 2007) (*sua sponte* found plain error in trial court's imposition of jail sentence for infraction where only authorized punishment was a fine).

If we exercise our discretion and engage in the requested plain error review of unpreserved error, a "defendant must show not only that the trial court committed evident, obvious, and clear error, but also the existence of manifest injustice or a miscarriage of justice." *State v. Stuckley*, 573 S.W.3d 766, 768 (Mo.App. 2019).

A defendant's attempt to show that the trial court committed evident, obvious and clear error where the defendant was represented by counsel at trial, however, also necessarily implicates that trial counsel's failure to timely and properly object to such error. In other words, if the alleged error should have been evident, obvious, and clear to the trial court, it also should have been evident, obvious, and clear to trial counsel. Trial counsel's then timely and proper objection bringing such error to the trial court's attention would have allowed the trial court to immediately address and resolve the alleged issue and the defendant's objection. If the trial court committed error in resolving either, that error would have been preserved for review for ordinary prejudice, thereby, making plain error review unnecessary. While only one alleged trial error is at issue, the two actors involved—the trial court and the defendant's trial counsel— implicate two different reviews.

Rule 30.20 plain error review in a direct appeal of a criminal conviction is focused upon the trial court's failure to respond to and address the alleged trial court error. A subsequent Rule 29.15 post-conviction review, however, is focused upon trial counsel's failure to object to that alleged error. *See* Rule 29.15(a). Although each has a different focus, they are related in several respects when the same alleged trial error is at issue in each. First, in the former, the question is whether the trial court plainly erred in not *sua sponte* intervening in response to that issue and, in the latter, the question is whether trial counsel was ineffective in not raising an objection to that issue.

Second, in ***Deck v. State***, 68 S.W.3d 418, 425-29 (Mo. banc 2002), our Supreme Court compared the Rule 30.20 plain error relief "outcome determinative" standard with the Rule 29.15 post-conviction relief "reasonable probability result would have been different" standard and held that, even though closely related, they are not equivalent. The former is more stringent than the "somewhat lower" latter such that "there are a small number of cases in which the application of the two tests will produce different results." ***Id***. at 427-28. As illustrated in ***Deck***, even though no "outcome determinative" plain error was found on direct appeal in the submission of erroneous jury instructions, ***id.*** at 424, the "reasonable probability result would have been different" post-conviction relief standard was met by trial counsel's ineffective failure to object to the submission of those instructions to the jury, ***id.*** at 429-31.

Plain error review and post-conviction review for ineffective assistance of trial counsel are also related in a third respect—trial counsel's reasonable tactical and strategic trial decisions defeat both. "Defendant 'cannot seek plain error review arising from failed tactical and strategic decisions made at trial.'" ***State v. Evans***, 517 S.W.3d 528, 549 (Mo.App. 2015) (quoting ***State v. Turner***, 242 S.W.3d 770, 779 (Mo.App.2008)). Likewise, "'[r]easonable choices of trial strategy, no matter how ill-fated they appear in hindsight, cannot serve as a basis for a claim of ineffective assistance.'" ***Barton v. State***, 432 S.W.3d 741, 749 (Mo. banc 2014) (quoting ***Anderson v. State***, 196 S.W.3d 28, 33 (Mo. banc 2006)).

The application of this shared principle, however, differs in the context of each. When considered on direct appeal, a trial court does not commit plain error for failing to take action *when the record clearly indicates* that the defendant's counsel strategically allowed that action. *See **State v. D.W.N.***, 290 S.W.3d 814, 817-27 (Mo.App. 2009) (no plain error for failing to prohibit testimony when the record showed defendant's counsel strategically chose not to object

7

and allowed the evidence to be admitted). A trial record on direct appeal, however, is not developed for the purpose of considering and evaluating trial counsel's motivation in failing to object and, therefore, may not include all relevant evidence on that issue and may shed little, if any, light on that issue. On the other hand, in addition to the trial record, the Rule 29.15 motion court has available to it an expanded record generated in that proceeding specifically developed for the purpose of determining trial counsel's motivation in failing to object, which includes consideration as to whether that failure was in accordance with trial counsel's execution of a reasonable trial strategy. *See* Rule 29.15(i) (court may order on-the-record hearing on claims). This expanded record affords the Rule 29.15 motion court a more complete evidentiary picture and, therefore, a better opportunity to appropriately focus upon, consider and evaluate trial counsel's inaction and his or her motivation for such inaction. *See, e.g.*, **Sanders v. State**, 564 S.W.3d 380 (Mo.App. 2018).

Fourth, the results of a successful appeal pursuant to Rule 30.20 and of a successful Rule 29.15 motion "are the same: the court vacates the judgment of [a defendant's] conviction and remands [the] case for a new trial." **D.W.N.**, 290 S.W.3d at 826. Because of the "somewhat lower" standard for Rule 29.15 relief, *see* **Deck**, 68 S.W.3d at 427-28, as discussed, *supra*, however, a defendant is somewhat more likely to achieve this result in a subsequent Rule 29.15 proceeding than by Rule 30.20 plain error review on direct appeal.

Here, having reviewed and considered the record on appeal, the parties briefs, the alleged trial error for which plain error review is requested and its integral involvement with trial counsel's failure to object, and the related nature of Rule 30.20 plain error review and Rule 29.15

review for ineffective assistance of counsel, we decline to exercise our discretionary authority to review Defendant's second and third points for plain error.[5]

## Decision

The trial court's judgment is affirmed.

GARY W. LYNCH, P.J. – OPINION AUTHOR

NANCY STEFFEN RAHMEYER, J. – CONCURS

WILLIAM W. FRANCIS, JR., J. – CONCURS

---

[5] Defendant's requests for plain error review are premised upon and purported to be patterned after the instructional error found by our Supreme Court in *State v. Celis-Garcia*, 344 S.W.3d 150 (Mo. banc 2011). As to such requests, the Western District of our court has previously observed:

> Though *Celis-Garcia* found plain error, notwithstanding the defendant's tender of verdict directors that suffered the same defect as those submitted by the state, defendants in future multiple acts cases should not presume that they will enjoy a perpetual free pass to secure plain error review in these cases. Notwithstanding that the right to a unanimous jury verdict is an important constitutional principle, *Celis-Garcia* has been settled law for several years, rendering it more and more difficult to excuse a defendant's failure to object to, and thus preserve, instructional error in multiple acts cases.

*State v. Adams*, 571 S.W.3d 140, 144 n.3 (Mo.App. 2018).